ORIGINAL

# In the United States Court of Federal Claims

FILED

No. 16-1579C
(Filed December 29, 2017)
NOT FOR PUBLICATION

DEC 2 9 2017

U.S. COURT OF
FEDERAL CLAIMS

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
                                              *
FERRELL ODEN,                                 *
                                              *
                 Plaintiff,                   *
                                              *
      v.                                      *
                                              *
THE UNITED STATES,                            *
                                              *
                 Defendant.                   *
                                              *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

Pending before the court is defendant's motion to dismiss the first amended complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted, under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), as well as plaintiff's motion to strike defendant's motion under RCFC 12(f). For the reasons set forth below, the Court finds that it lacks jurisdiction over plaintiff's claims. Defendant's motion to dismiss the complaint is **GRANTED**, and plaintiff's motion to strike the government's motion is **DENIED**.

## I. BACKGROUND

In the spring of 2008, Ferrell Oden sought financing to purchase property to operate a catfish and livestock farm. Am. Compl. ¶¶ 13–15.[1] His loan application to the Peoples Bank of Greensboro was rejected, so he applied to the U. S.

---

[1] The number 13 is repeated in the paragraph numbering; this citation refers to the second paragraph numbered 13.

Department of Agriculture's (USDA) Farm Service Agency (FSA) for funding. *Id.*
¶¶ 16–17. He was denied the funding on the grounds that he did not have enough
managerial experience. Am. Compl. ¶ 19. Plaintiff appealed the denial to the
USDA Appeals Division, alleging that the denial was racially-motivated. *Id.* ¶¶ 16,
19. The Appeals Division concluded that the denial was "erroneous" because
plaintiff had demonstrated the requisite managerial experience. *Id.* ¶ 21. But the
loan service officers intentionally delayed notifying plaintiff that his loan
application had been approved, allowing another buyer to purchase the property.
*Id.* ¶¶ 22, 25–28.

Plaintiff sued the Secretary of Agriculture, the Peoples Bank of Greensboro,
and others involved in the denial of the loan application in the District Court for the
Southern District of Alabama on April 30, 2010. Def.'s App. at 26; *see Oden v.
Vilsack*, No. 10-00212-KD-M, 2013 WL 4046456 (S.D. Ala. Aug. 9, 2013). He alleged
that they discriminated against him based on his race in denying him the loan and
that this violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* Am.
Compl. ¶ 16.[2] The Southern District of Alabama entered judgment for plaintiff.
Def.'s App. at 37. Plaintiff appealed the damages determination to the Eleventh
Circuit, and while the appeal was pending, on May 7, 2015 the parties reached a
settlement agreement, pursuant to which the federal government was to pay
plaintiff $475,033.46. Am. Compl., Ex. 3-1 ¶ 2.

Plaintiff then brought suit with four other individuals, proceeding *pro se*, in
the District Court for the Middle District of Alabama on August 11, 2016, claiming
that then-Secretary of Agriculture Thomas J. Vilsack violated the Administrative
Procedure Act, 5 U.S.C. § 702, by failing to provide them with hearings on the
merits of their respective cases. *Binion v. USDA*, Compl., No. 2:16-cv-00657-WKW-
SRW (M.D. Ala. Aug. 11, 2016). Those five plaintiffs filed an amended complaint on
November 17, 2016. Def.'s App. at 43–62. Mister Oden then filed his *pro se*
complaint in this court, on November 28, 2016. *See* Compl. On September 28, 2017,
the district court case was dismissed without prejudice. *See Binion v. USDA*, No.
2:16-cv-00657-WKW-SRW (M.D. Ala. Sept. 28, 2017).

On January 18, 2017, plaintiff filed a motion to amend his complaint to
include certain pages he had initially omitted. Pl's Mot. for Leave to File First Am.
Compl. That motion was granted five days later. Order (Jan. 23, 2017). The
government's response to the initial complaint had been due on January 27, 2017,
and under our rules the response to the amended complaint was due February 6,
2017, *see* RCFC 6(a)(1)(C), 6(d), 15(a)(3). But on the new response date, Mr. Oden

---

[2] On May, 9, 2011, the District Court granted Mr. Oden's request to dismiss his
claims against all the non-federal defendants. *Oden v. Vilsack*, No. 10-00212-KD-M,
(S.D. Ala. May. 9, 2011).

served and filed a motion to amend his first amended complaint, to include certain exhibits which he had inadvertently omitted. *See* Mot. Suppl. First Am. Pet., ECF No. 6 (Mot. Suppl.). On March 10, 2017, the Court granted that motion. Order (Mar. 10, 2017). Two weeks thereafter, the government filed its motion to dismiss the complaint. Def.'s Mot. to Dismiss (Def.'s Mot.). On April 7, 2017, plaintiff filed his opposition to the government's motion and moved to strike that motion. Mot. to Strike, ECF No. 9 (Pl.'s Mot.) In his motion to strike, Mr. Oden contended that the government's response to his complaint was not timely under the court's rules. *Id.* at 1. On April 24, 2017, the government filed a paper combining its response to the motion to strike with the reply in support of its motion to dismiss the complaint. Def.'s Combined Reply, ECF No. 10 (Def.'s Reply). In that response, the government conceded that its response to the amended complaint was untimely, but argued that the interests of justice would not be served by striking its motion. *Id.* at 6–7. On October 10, 2017, plaintiff filed a reply in support of his motion to strike the defendant's motion to dismiss the complaint. (Pl.'s Reply). The Court has concluded that oral argument is unnecessary in this matter, and this opinion issues.

## II. DISCUSSION

### A. Standard of Review

Under RCFC 12(b)(1), claims brought before this court must be dismissed when it is shown that the court lacks jurisdiction over their subject matter. When considering a motion to dismiss a case for lack of subject-matter jurisdiction, courts will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside the court's jurisdiction from being dismissed, *see Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. GMAC*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

But even claims that would normally be within our subject-matter jurisdiction may nevertheless be outside of it when brought to our court, as Congress has mandated that our court "shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States . . . ." 28 U.S.C. § 1500. Two lawsuits are "for or in respect to the same claim . . . if they are based on substantially the same

operative facts, regardless of the relief sought in each suit." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011).

When deciding a 12(b)(6) motion, a court similarly assumes all factual allegations to be true and reasonably infers facts in favor of the non-moving party. *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001). The complaint must allege facts that, taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is barred from being re-adjudicated under the doctrine of *res judicata* if: (1) "there is identity of parties (or their privies)"; (2) "there has been an earlier final judgment on the merits of a claim"; and (3) "the second claim is based on the same set of transactional facts as the first." *Int'l Air Response v. United States*, 302 F.3d 1363, 1367 (Fed. Cir. 2002) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)).

## B. Analysis

The government has moved to dismiss plaintiff's complaint on both jurisdictional and non-jurisdictional grounds. The jurisdictional ground is that plaintiff had nearly identical claims pending before the Middle District of Alabama at the time the complaint was filed in our court, barring this case under 28 U.S.C. § 1500. Def.'s Mot. at 1. The other grounds are failure to allege the elements of a contract, and *res judicata*. *Id.* at 10–13. Because the Court concludes that the government's jurisdictional argument is correct, the government's non-jurisdictional grounds will not be addressed. Plaintiff has also moved to strike the motion to dismiss his case, contending that the government failed to file it in a timely manner. Pl.'s Mot. at 1. The Court will address Mr. Oden's motion first, and then the government's.

### 1. Defendant's Response to the Complaint was Timely

Under our court's rules, a response to a complaint against the United States is due within 60 days of service. RCFC 12(a)(1)(A). Plaintiff filed his complaint on November 28, 2016 and on January 18, 2017---before the government was required to respond to that complaint---plaintiff filed a motion to amend his complaint. A motion was unnecessary, as our rules allowed amendment "once as a matter of course" at that stage of proceedings. RCFC 15(a)(1)(B). But because the submission was styled as a motion, the Court clarified matters by granting the motion on January 23, 2017. Under our rules, the government had 14 days to respond to that amended complaint, RCFC 15(a)(3), plus an additional 3 days because service was by mail, RCFC 6(d), and two more days because the due date fell on a Saturday, RCFC 6(a)(1)(C).

But on February 6, 2017, the date that the government's response to the amended complaint was due, plaintiff served and filed a motion to further amend the complaint with exhibits that had been accidentally omitted. *See* Mot. Suppl. at 1. Since Mr. Oden had already used his obligatory amendment, a motion was required to correct this mistaken omission. After it became clear that the government was not opposing the motion to further amend the complaint, the Court granted it on March 10, 2017. The government filed its motion to dismiss the amended complaint 14 days later. Def.'s Mot. at 1. Plaintiff maintains that this response should be stricken as untimely, insisting that the applicable deadline remained February 6, 2017. Pl.'s Mot. at 1. But before that deadline had passed, plaintiff moved to further amend the complaint, which necessarily had the result of resetting the deadline. The question before the Court is what this new deadline was.

Since Mr. Oden's second amendment was sought after the deadline for responding to the original complaint, under our rules the response to the resulting, amended complaint was due "within 14 days after service of the amended pleading." RCFC 15(a)(3). As the Court suggested earlier, *see* Order (Aug. 25, 2017) at 1–2, under these circumstances "service of the amended pleading" cannot be equated with service of the motion for leave to file the pleading. At the time when the motion for leave is filed, the amendment is merely proposed, and it is more appropriate to consider service to occur once the Court provides leave for the amendment to be filed. Upon granting leave, the Court could have required plaintiff to re-submit the exhibits for filing, but this was dispensed with for the convenience of the plaintiff. Accordingly, the Court holds that when leave is required for the filing of an amended pleading, the effective service date of the amended pleading is the date leave to file is granted. Under this rule, the government's motion to dismiss the case was timely filed and thus plaintiff's motion to strike it is **DENIED**. Moreover, even were defendant's motion to be stricken, the Court would still be obligated to resolve the question of subject-matter jurisdiction that the motion had raised. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[3]

### 2. *Plaintiff's Claims Were Not within Our Subject-Matter Jurisdiction*

The text on pages eight through twelve of Mr. Oden's amended complaint is word-for-word identical to the allegations concerning Mr. Oden contained on pages ten through fifteen of the complaint that was pending before the Middle District of

---

[3] The Court further notes that although the government concludes that the response deadline was missed under its own interpretation of our rules, *see* Def.'s Reply at 6–7, such a question of law may not be dictated by the concession of a party, *see LaForte v. Horner*, 833 F.2d 977, 982 (Fed. Cir. 1987).

Alabama at the time his complaint was filed here. *Compare* Am. Compl. 8–12 *with* Def.'s App. at 52–57. In both complaints, Mr. Oden contends that the breach of contract claims he included in the lawsuit he filed in the Southern District of Alabama in 2010 sought more than $10,000 and thus could not have been part of the settlement agreement. *See* Am. Compl. at 8; Def.'s App. at 52–53. And although the relief sought no longer matters for section 1500 analysis, *see Tohono O'Odham*, 563 U.S. at 317, in both complaints Mr. Oden requests that an Administrative Law Judge at USDA be ordered to adjudicate those contract claims, *see* Am. Compl. at 12; Def.'s App. at 56.[4]

Plaintiff argues that the Federal Circuit has left open the possibility that a claim that had been determined by a district court to be beyond the latter's jurisdiction may be ignored for purposes of applying section 1500. Pl.'s Reply at 2–3 (citing *Brandt v. United States*, 710 F.3d 1369, 1380 n.9 (Fed. Cir. 2013)). But that question concerned claims which were dismissed for lack of jurisdiction *before* the corresponding complaint was filed in our court, which was not the situation here. It cannot be disputed that the operative facts in this case and in Mr. Oden's portion of the case in the Middle District of Alabama are identical, and the district court action was pending at the time Mr. Oden filed his complaint in our court. Section 1500 requires that this case be dismissed for lack of subject-matter jurisdiction. 28 U.S.C. § 1500; *see Tohono O'Odham*, 563 U.S. at 317. Because plaintiff's complaint is beyond our jurisdiction, defendant's arguments under RCFC 12(b)(6) concerning *res judicata* and the lack of substantive allegations regarding contract elements need not be reached.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss this case is hereby **GRANTED**. The Clerk is directed to close the case.[5]

---

[4] As the government correctly points out, *see* Def.'s Mot. at 9, our court does not have the power to grant equitable relief such as specific performance. *See Quinault Allottee Ass'n v. United States*, 197 Ct. Cl. 134, 138 n.1 (1972).

[5] With the district court action having been since dismissed, the jurisdictional defect with plaintiff's complaint has been cured, and he would not be barred from re-filing his complaint. *But see supra.* n.4.

IT IS SO ORDERED.

VICTOR J. WOLSKI
Judge